UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOM BECKMEYER o/b/o
TERESA W. BECKMEYER

    Plaintiff,

v.                                CASE No. 8:13-CV-1953-T-30TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his deceased wife's claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, I recommend that the decision be affirmed.

I.

The claimant, who was fifty-eight years old at the time her disability insurance status expired and who has a ninth grade education, has worked as a medical secretary, medical assistant, cashier, and customer

---

[*]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

service representative (Tr. 15, 59-60, 176, 200). The claimant filed a claim for Social Security disability benefits alleging that she became disabled due to breathing difficulties, asthma, severe sinusitis, chronic cough, and chronic discharge into her throat (Tr. 193). The claim was denied initially and upon reconsideration.

At her request, the claimant then received a de novo hearing before an administrative law judge. The law judge determined that the claimant last met the earnings requirements for disability benefits on December 31, 2009 (Tr. 15).

The law judge found that, through the date she was last insured, the claimant had severe impairments of chronic sinusitis and asthma (Tr. 17). He concluded that, with these impairments, the claimant (Tr. 17-18):

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can only occasionally balance and climb ramps and stairs; never climb ladders, ropes, and scaffolds; and never be exposed to dangerous machinery, unprotected heights, dusts, fumes, gases and odors.

A vocational expert testified that, despite those limitations, the claimant could perform all of her past relevant work (Tr. 20). Accordingly, the law judge

decided that the claimant was not disabled through December 31, 2009, the date she was last insured for disability insurance benefits (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

Judicial review of the Commissioner's decision was sought by the claimant's husband. There is no allegation in the complaint indicating that the claimant had died, although the style of the case referred to the claimant as "(Deceased)" (Doc. 1, p. 1). Notably, the complaint does not distinguish between the plaintiff and the claimant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that the claimant became disabled before her insured status expired on December 31, 2009, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff raises the sole contention that the law judge erred in failing to make a proper credibility finding as to the claimant's testimony, and erred in "improperly discrediting the Claimant's complaints of pain and

subjective symptoms" (Doc. 16, p. 3). In this regard, the plaintiff must show that the evidence compelled the law judge to accept the claimant's testimony that she was totally disabled by December 31, 2009, the date she was last insured for disability benefits. Adefemi v. Ashcroft, supra. The evidence, however, does not compel that conclusion.

The claimant testified that she could not work due to her sinuses and breathing problems (see Tr. 51). Specifically, the claimant stated that she could not walk around a room without getting seriously out of breath (Tr. 44, 45). Furthermore, she testified that, although her most severe sinus symptoms were resolved by sinus surgery, she continued to feel congested and had sinus drainage, pressure, and frequent sinus infections (Tr. 50-51). Moreover, the claimant testified that she had severe headaches at least twice per month, each lasting two or three days, and that she would nap two or three times daily due to fatigue (Tr. 55-57).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required

evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge applied the Eleventh Circuit's pain standard. Thus, the law judge recognized the need to articulate a credibility determination, and he referred to the pertinent regulation and Social Security rulings (Tr. 18). Moreover, he set forth criteria that reflects the Eleventh Circuit's test (id.). This demonstrates that the law judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Furthermore, the law judge summarized in his decision the claimant's testimony of debilitating limitations (Tr. 18). The law judge made the following finding with regard to the claimant's testimony (id.):

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Contrary to the plaintiff's assertion, this statement is not simply boilerplate (see Doc. 16, p. 3). Rather, it is a specific application of the Eleventh Circuit's standard.

Significantly, the law judge did not wholly discount the claimant's subjective complaints, but rather accepted that she had substantial functional limitations (see Tr. 17-18). Thus, the law judge, "giving the claimant every benefit of the doubt" (Tr. 19), limited the claimant to performing a restricted range of light work (Tr. 17-18). Notably, two of the plaintiff's past jobs that the law judge found she could perform were sedentary (Tr. 60-61) and, therefore, involve less exertion than the law judge's determination of her residual functional capacity.

Furthermore, in addition to articulating expressly his application of the Eleventh Circuit's pain standard, the law judge explained why he declined to credit fully the claimant's testimony of debilitating symptoms. Specifically, the law judge stated after a detailed review of the medical evidence (Tr. 19):

> In terms of the claimant's alleged debilitating conditions, the evidence does not support that these conditions are as limiting as alleged. Although the record reflects that her condition has more recently worsened, it does not appear as severe as of her date last insured. Her chronic sinusitis required surgeries in October 2008 and May 2009, but she reports that she fully recovered from these surgeries. She continues to report sinus congestion, drainage, and cough. She had an asthma exacerbation in June 2008 requiring hospitalization. She was treated with breathing treatments and inhalers, and discharged after six days in stable condition. She had a subsequent exacerbation in October 2009, and received a course of steroids from her doctor. She did not return for treatment until August 2010, well after her date last insured. Other than these episodes, clinical examinations have been normal or only mildly impaired. Pulmonary function studies in June 2008 showed severe airflow obstruction, but by June 2009, there was only mild obstructive lung defect. There has been no change in her upper lobe nodule on testing. Because of her respiratory impairments, the undersigned has limited her as set

>out in the residual functional capacity assessed herein, but there is no evidence that she would require further limitations (Exhibits 1F, 2F, 3F, 4F, 5F, 6F, 7F, 12F, 19F, 20F, and 22F).

The law judge also stated in response to counsel's written argument that the claimant's impairments precluded gainful employment that such a contention was entitled to little weight because "the claimant fully recovered from sinus surgeries, has had only two asthma exacerbations in the relevant period, and has otherwise had normal or mildly abnormal diagnostic and clinical examinations" (Tr. 18-19).

The law judge's determination, furthermore, is supported by substantial evidence. As the Commissioner summarized in her opposition memorandum, the claimant's medical record did not compel the law judge to find the claimant's testimony of debilitating limitations credible (Doc. 17, pp. 5-7). See Adefemi v. Ashcroft, supra, 386 F.3d at 1027 (in order to overturn the Commissioner's decision, the plaintiff must show that the evidence compels the contrary finding).

Thus, although the claimant had an asthma attack in June 2008 that was apparently caused by an allergic reaction to cottonwood while

vacationing in another state, she was discharged from the hospital in stable condition and with no restrictions on her activity (Tr. 19, 39, 376, 520). Furthermore, the only other asthmatic episode during the insured period occurred more than one year later, and it did not require hospitalization and was resolved with medication.

In the interim, treatment records indicated that the plaintiff's respiratory functioning was "ok" (Tr. 373, 771). The claimant, furthermore, reported to treating physician Dr. Richard England that she was exercising three times weekly at a spa (Tr. 375). In June 2009, a pulmonary functioning test showed only mild obstructive ventilatory impairment, and treatment notes reflected that the claimant's lungs were clear, with no wheezing (Tr. 371, 380). In October 2009, more than one year after her previous episode, the claimant saw her physician for a flare-up of her asthma, for which she was successfully treated with steroids (Tr. 19, 369). The record shows no further treatment for asthma until August 2010 (Tr. 42, 442), many months after the plaintiff's disability insurance status expired.

With regard to her sinuses, the claimant recovered well from her surgeries, and reported after sinus surgery that her sinus problems were

getting better (Tr. 49, 371, 412). In July 2009, Dr. Thomas McCaffrey, an ear, nose and throat specialist, performed a nasal endoscopy which showed that the claimant's sinuses were well-healed from the surgery, there was no evidence of recurrent sinusitis or polyps, the paranasal sinuses were normal and nontender, and the claimant's ears showed no evidence of fluid or drainage (Tr. 414-15). Further, Dr. McCaffrey noted that the claimant "does not have symptoms of nasal pain or significant obstruction" (Tr. 415). Additionally, Dr. McCaffrey noted that the claimant's complaints mainly related to drying of nasal mucosa, for which Dr. McCaffrey recommended nasal irrigation twice daily (id.).

      In sum, there is substantial medical evidence supporting the law judge's determination that the claimant was not disabled as of the date she was last insured because she fully recovered from her sinus surgeries, and during the relevant time period she had only two asthma exacerbations that were successfully resolved with medication. See 42 U.S.C. 423(d)(1)(A) (disability precludes substantial gainful activity due to an "impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months"). The law judge noted that, otherwise, the claimant's

examinations were normal or reflected only mild impairments. See Ogranaja v. Commissioner of Social Security, 186 Fed. Appx. 848 (11th Cir. 2006); 20 C.F.R. 404.1529(a).

Significantly, the plaintiff does not cite any medical opinion placing functional limitations on the claimant during the relevant time period, or otherwise opining that the claimant was disabled during that time. Notably, the only medical opinion concerning the plaintiff's functional limitations as of the date she was last insured for disability insurance benefits was from non-examining reviewing physician Dr. Cristina Rodriguez, who opined with respect to breathing problems that the claimant should avoid moderate exposure to fumes, odors, dusts, and hazards (Tr. 434-40). See 20 C.F.R. 404.1527(e)(2); SSR 96-6p, 1996 WL 374180 (S.S.A.) (state agency consultants are considered experts in Social Security disability programs). The law judge incorporated greater limitations into the claimant's residual functional capacity, stating that the claimant should "never be exposed to ... dusts, fumes, gases and odors" (Tr. 18).

The plaintiff makes the conclusory argument that the law judge's credibility determination "could not be [based upon] substantial [evidence]

because all of the substantial evidence corroborates the [claimant's] allegations" (Doc. 16, p. 4). However, the plaintiff's only specific reference to the medical evidence was that the "claimant had two asthma exacerbations, two sinus surgeries and several sinus infections such that required antibiotics" (id.). As discussed supra, pp. 8-12, the law judge acknowledged the claimant's medical history and, in particular, the claimant's sinus surgery and asthma exacerbations, and explained why he did not find them disabling. The plaintiff has not undermined that explanation.

Rather, the plaintiff only pointedly challenges the law judge's consideration of the claimant's "lack of treatment from December 2009 until August 2010" (Doc. 16, pp. 4-5). The medical record reflects that, after the plaintiff had an asthma exacerbation in October 2009, she did not receive medical treatment for asthma until August 2010, many months after the date she was last insured. The gap in medical treatment is appropriately considered in evaluating the credibility of the claimant's testimony of debilitating symptoms. See 20 C.F.R. 404.1529(c)(3) (treatment you have received for relief of symptoms will be considered in evaluating the intensity and persistence of your symptoms); SSR 96-7p, 1996 WL 374186 at *7

(S.S.A.) (the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints).

The plaintiff argues that the law judge should not have considered that circumstance because the claimant testified that she had stopped going out of the house and reduced her activity level during that period (Doc. 16, pp. 4-5). However, the claimant's testimony indicated that she continued to experience disabling symptoms during that time (see Tr. 49-50, 53-55). Consequently, the law judge could reasonably conclude that the claimant's lack of medical treatment undermines her contention that she was experiencing debilitating symptoms, especially considering that she previously sought medical care in response to her sinus and asthma symptoms.

The plaintiff next refers to comments made by the law judge during the administrative hearing (Doc. 16, p. 4). Those references underscore the dearth of evidence supporting this disability claim.

The plaintiff first refers to the law judge's comment that the evidence, beginning in August 2010, indicates that the claimant may have met a listing (id.). That comment is, on its face, irrelevant to this disability claim

because it refers to evidence generated many months after the last day the claimant was insured for disability benefits.

The plaintiff also refers to the law judge's comments during the hearing that the claimant "had a very serious issue [of asthma] as of June 2008" and that she had a history of issues with her sinuses and allergies (id.). As the Commissioner notes (Doc. 17, p. 7), the law judge's comment did not indicate that the conditions were of disabling severity during the relevant period. Further, the law judge, consistent with those comments, found that the claimant had a substantially limited residual functional capacity.

The plaintiff's final contention is that the law judge "erred in not eliciting [the plaintiff's] testimony" (Doc. 16, p. 5). In this regard, the plaintiff states that counsel "was prepared to offer the testimony of at least one other witness (claimant's husband) to further establish and corroborate the testimony and therefore the credibility of Mrs. Beckmeyer," but he was not given the opportunity to do so (id.).

This contention is forfeited because its assertion violates the Scheduling Order and Memorandum Requirements. That Order provides that "arguments within a properly articulated issue must relate directly to the

particularized issues and shall not include unrelated contentions, observations, or comments" (Doc. 15, p. 2). The sole issue particularized by the plaintiff challenged the law judge's credibility determination (Doc. 16, p. 3). The contention concerning the law judge's failure to call the plaintiff as a witness concerns the distinct issue of a failure to develop the record fully and fairly (id., p. 5). No such issue was particularized and it is therefore forfeited.

In all events, this contention is frivolous. Thus, the record clearly shows that it was the plaintiff's counsel, not the law judge, who elected not to call the claimant's husband as a witness. The plaintiff and claimant were represented by attorney Joel Fein at the administrative hearing (Tr. 26). At the beginning of the hearing, plaintiff's counsel noted that the plaintiff was present and counsel stated that the plaintiff "may" testify as a witness (Tr. 33).

After the claimant and the vocational expert testified, plaintiff's counsel was given the opportunity to proffer additional evidence, but counsel declined (see Tr. 62). Specifically, the following exchange took place (id.):

> Law Judge: "Okay. Well I believe that's all we have for today. Is there any other development you'd like to see, Mr. Fine [sic]?"
>
> Counsel: "No."

Moreover, the law judge then asked the claimant, "Ms. Beckmeyer, is there anything you feel we haven't gone over yet that we should have gone over or any statement you'd like to make for the record before we go off[,]" to which the claimant responded "I don't think so" (id.).

The plaintiff "bears the burden of proving that [the claimant] is disabled, and, consequently, he is responsible for producing evidence in support of h[er] claim." Ellison v. Barnhart, 355 F.3d at 1276; 20 C.F.R. 416.912(a), (c). As indicated, the plaintiff and the claimant were represented by an attorney during the administrative proceedings, and the law judge gave counsel an opportunity to proffer additional evidence at the end of the hearing. Importantly, there is nothing in the record that suggests that the law judge precluded the plaintiff from testifying. It is certainly not his responsibility to decide which witnesses to call.

Thus, this contention is both forfeited and baseless.

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
DATED: MAY 28, 2014          UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).